UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRISTAN SCRIVEN,

       Plaintiff,               CASE NO.:

v.

BALL METAL BEVERAGE
CONTAINER CORP.,

       Defendant.

_____/

## COMPLAINT

Plaintiff, TRISTAN SCRIVEN, by and through his undersigned counsel, hereby sues Defendant, BALL METAL BEVERAGE CONTAINER CORP., and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1367, the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12112 et seq.; and the Florida Civil Rights Act, Chapter 760, Florida Statutes.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, TRISTAN SCRIVEN, (hereinafter as "Plaintiff"), is a resident of Hillsborough County, Florida.

4.      Defendant, BALL METAL BEVERAGE CONTAINER CORP., (hereinafter as "Defendant"), is a Foreign Profit Corporation, authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7.      Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8.      Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9.      In or around November 17, 2025, Plaintiff filed a timely Charge of Discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10.      Plaintiff has satisfied all conditions precedent to filing this action.

11. On or about February 23, 2026, the EEOC issued a dismissal and notice of rights to sue.

## FACTUAL ALLEGATIONS

12. Plaintiff, Tristan Scriven, began his employment with Defendant Ball Corporation/Ball Metal Beverage Container on or about September 17, 2024, as a Production Technician at Defendant's Tampa, Florida facility.

13. Defendant employs well over fifteen employees and is an employer within the meaning of the Americans with Disabilities Act and the Florida Civil Rights Act.

14. Plaintiff was hired to work as a Production Technician in a manufacturing facility operating two twelve-hour shifts: a day shift and a night shift.

15. Production Technicians were assigned to rotating schedules that alternated between day and night shifts on a periodic basis.

16. Upon hire, Plaintiff was informed that employees could trade shifts with other qualified Production Technicians, and shift trades were permitted in practice.

17. During his employment, shift trades occurred among Production Technicians without eliminating the position or altering the core production functions of the facility.

3

18.    Plaintiff satisfactorily performed the essential physical and technical duties of his position, including operating machinery, performing preventative maintenance, and complying with safety protocols.

19.    Plaintiff was never disciplined, written up, or informed that he was failing to meet performance expectations.

20.    On or about May 18, 2025, Plaintiff experienced chest pain during a night shift and sought emergency medical treatment the following day.

21.    Plaintiff was diagnosed with sleep apnea, a medical condition affecting his chest and sleep regulation and was temporarily excused from work.

22.    Plaintiff promptly notified Defendant of his medical condition and absence.

23.    After returning to work, Plaintiff inquired about leave and coverage options in the event he required future medical treatment.

24.    Defendant provided Plaintiff with paperwork to request an accommodation under the ADA.

25.    Plaintiff timely submitted completed ADA documentation from his treating physician on or about June 4, 2025.

26.    Plaintiff's physician documented that Plaintiff has sleep apnea, a medical condition including sleep-related impairment, and also documented restrictions related to climbing stairs. Plaintiff's physician recommended that

Plaintiff work a consistent shift schedule, either days or nights, rather than rotating between day and night shifts. On or about July 3, 2025, six days before Plaintiff's termination, Defendant's HR Manager contacted Plaintiff's treating physician directly, who confirmed that Plaintiff's sleep apnea is permanent and that rotating between day and night shifts disrupts his sleep patterns and exacerbates his condition.

27.    Plaintiff's physician did not restrict Plaintiff from performing the physical or technical duties of the Production Technician position.

28.    Plaintiff remained able to perform the core production, safety, and operational functions of his position with the accommodation of a consistent shift schedule.

29.    Plaintiff identified the ability to remain on a consistent shift, including through the established practice of shift trades, as a reasonable accommodation.

30.    Plaintiff had coworkers who were willing to trade shifts to allow him to remain on a consistent schedule.

31.    Defendant did not permit Plaintiff to utilize shift trades after learning of his medical condition and accommodation request.

32.    Defendant did not identify any written policy prohibiting shift trades as a permanent scheduling solution.

33. Defendant did not engage Plaintiff in a meaningful dialogue regarding available shift-trade arrangements, temporary modifications, reassignment to a consistent crew, or other potential accommodations.

34. Instead, Defendant treated rotating shifts as non-negotiable after learning of Plaintiff's medical condition.

35. On or about July 9, 2025, Defendant informed Plaintiff that his employment was being terminated because it could not accommodate his request to work a consistent shift schedule.

36. Defendant did not contend that Plaintiff was unable to perform the production, safety, or mechanical duties of the position.

37. Defendant did not identify any vacant Production Technician position assigned permanently to a consistent shift that Plaintiff was unqualified to perform.

38. At all relevant times, Plaintiff was a qualified individual capable of performing the essential functions of the Production Technician position with or without reasonable accommodation.

39. Defendant terminated Plaintiff shortly after he requested an accommodation and submitted medical documentation in support of that request.

40. Defendant's decision to deny Plaintiff the ability to remain on a consistent shift and to prohibit shift trades occurred only after Defendant became aware of Plaintiff's medical condition.

41.    Defendant's stated reason for termination was its refusal to accommodate Plaintiff's medically supported scheduling limitation.

42.    Defendant's actions were taken because of Plaintiff's disability, because Defendant regarded Plaintiff as disabled, and/or in retaliation for Plaintiff's request for accommodation.

43.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, lost employment benefits, emotional distress, and other compensatory damages.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISCRIMINATION

44.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 43.

45.    Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 et seq.

46.    Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

47.    Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's condition substantially limited one or more major life activities and/or one or more major bodily functions.

48.    Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of his job.

49.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, and/or because Defendant regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

50.    The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

51.    Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

52.    Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

53.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") RETALIATION

54. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 43.

55. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory treatment of him, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

56. The above-described acts constitute retaliation, in violation of the ADAAA.

57. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

58. Plaintiff realleges and adopts, as if fully set forth herein, the

9

allegations stated in Paragraphs 1 through 43.

59.     Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

60.     Plaintiff is an individual with a disability.

61.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability, record of a disability and/or perceived disability.

62.     Defendant failed to provide Plaintiff with a reasonable accommodation, which resulted in Plaintiff's termination on the basis of his disability, record of a disability and/or perceived disability.

63.     The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

64.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

65.     As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

66.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 43.

67.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff opposed disability discrimination in the workplace.

68.    The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

69.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT V
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMMODATE

70.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 43.

71.    Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee

11

within the meaning of the ADAAA.

72.    Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

73.    By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

74.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief;

    g.    punitive damages and;

    h.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

75.    Plaintiff, TRISTAN SCRIVEN, requests a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel of record.

**FLORIN |GRAY**

*/s/ Troy E. Longman, II*
**TROY E. LONGMAN, II, ESQ.**
Florida Bar No.: 1031921
tlongman@floringray.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
wflorin@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*